## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE I, JOHN DOE I, | ) | |
| JANE DOE II, and JOHN DOE II | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. |
| | ) | |
| KANE COUNTY, SHAWN LOOMIS, | ) | **COMPLAINT FOR DAMAGES FOR** |
| and APEX3 SECURITY LLC. | ) | **VIOLATION OF CIVIL RIGHTS** |
| Defendants. | ) | **(42 U.S.C. § 1983)** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the PLAINTIFFS, JANE DOE I, JOHN DOE I, JANE DOE II, AND JOHN DOE II, by and through their attorneys, Sean P. Murray and the law firm of Taxman, Pollock, Murray & Bekkerman, LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, KANE COUNTY, SHAWN LOOMIS, and APEX3 SECURITY, LLC.

### JURISDICTION AND VENUE

1.      This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs also bring supplemental claims under Illinois law.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343; and pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

3.      The acts and omissions giving rise to Plaintiffs' claims occurred at Delnor Community Hospital (hereafter referred to as "Delnor Hospital"), 300 Randall Road, Geneva,

Illinois, and therefore, pursuant to 28 U.S.C. § 1391 (b), the appropriate venue for this action is the United States District Court for the Northern District of Illinois, Eastern Division.

## IDENTIFICATION OF PARTIES

4.      Plaintiff, JANE DOE I is a resident of the State of Illinois and the United States. She was employed at all relevant times as a nurse at Delnor Hospital. Plaintiff, JANE DOE I sues under a fictitious name, as she is a particularly vulnerable party in this litigation. Her injuries are of a highly personal nature.

5.      Plaintiff, JOHN DOE I is a resident of the State of Illinois and the United States. At all relevant times, he was and is the husband of JANE DOE I. Plaintiff, JOHN DOE I sues under a fictitious name, as his claim is derivative of Plaintiff, JANE DOE I, and he is also a vulnerable party in this litigation.

6.      Plaintiff, JANE DOE II is a resident of the State of Illinois and the United States. She was employed at all relevant times as a nurse at Delnor Hospital. Plaintiff, JANE DOE II sues under a fictitious name, as she is a particularly vulnerable party in this litigation. Her injuries are of a highly personal nature.

7.      Plaintiff, JOHN DOE II is a resident of the State of Illinois and the United States. At all relevant times he was and is the husband of JANE DOE II. Plaintiff, JOHN DOE II sues under a fictitious name, as his claim is derivative of Plaintiff, JANE DOE II, and he is also a vulnerable party in this litigation.

8.      Defendant, KANE COUNTY is a duly incorporated municipal corporation in the State of Illinois. Defendant, KANE COUNTY is the employer and principal of the Kane County Sheriff's Department, and its agents and employees. Defendant, KANE COUNTY is also the

owner, employer, and principal of the Kane County Jail, and is responsible for the care, custody, and control of all inmates within the Kane County Jail system.

9.      Defendant, SHAWN LOOMIS is a resident of the State of Illinois and the United States. At all relevant times, Defendant SHAWN LOOMIS was an adult correctional officer with the Kane County Sheriff Department. Defendant KANE COUNTY was the employer and principal of SHAWN LOOMIS. Defendant SHAWN LOOMIS committed the acts complained of herein while acting within the scope and course of his employment and official duties as a sheriff's officer in Kane County. He is sued in his individual capacity.

10.     Defendant, APEX3 SECURITY, LLC is an Illinois corporation and is a resident of the State of Illinois and the United States.

**FACTS COMMON TO ALL CLAIMS**

11.     On May 30, 2013, 17-year-old Tywon Salters was admitted to the Illinois Department of Corrections in Vermilion County, Illinois, to serve sentences of 6 years for a Class 2 Felony for aiding and abetting in the possession and sale of a stolen vehicle; and 48 months for a Class 2 felony robbery using force or the threat of force.

12.     On October 21, 2016, now 21-year-old Tywon Salters was released on parole from the Illinois Department of Corrections.

13.     On March 11, 2017, inmate Tywon Salters was arrested and booked into the Kane County Jail on new felony charges of receiving and possessing a stolen vehicle.

14.     From March 11, 2017 through May 13, 2017, inmate Tywon Salters remained an inmate of Defendant, KANE COUNTY Sheriff's Department, and was to be under their care, custody, and control at all times.

3

15.     On May 7, 2017, inmate Tywon Salters, while in custody at Defendant, KANE COUNTY jail, obtained and intentionally ingested hydrogen peroxide.

16.     On May 7, 2017, following the ingestion of hydrogen peroxide, inmate Tywon Salters was transported by Defendant, KANE COUNTY sheriffs to Delnor Hospital. At said hospital emergency room, inmate Tywon Salters was combative with hospital staff and nurses and had to be restrained. Inmate Tywon Salters was returned to Defendant, KANE COUNTY jail later that day.

17.     Upon information and belief, on or about May 7, 2017, inmate Tywon Salters was placed on suicide watch at Defendant, KANE COUNTY jail.

18.     On May 8, 2017, inmate Tywon Salters, while in custody at Defendant, KANE COUNTY jail, intentionally swallowed a jail issued sandal, and obtained and ingested a liquid cleaner.

19.     On May 8, 2017, Defendant, KANE COUNTY sheriff's officers again transported inmate Tywon Salters to Delnor Hospital for the purpose of receiving medical treatment relative to the swallowing of the sandal and ingestion of the liquid cleaner.

20.     From May 8, 2017, to May 13, 2017, inmate Tywon Salters remained a patient at Delnor Hospital after his treatment for the ingestion of the sandal and liquid cleaner. On May 9, 2017, inmate Tywon Salters was transferred to the medical-surgical unit on the third floor of the hospital and given Room 3658, where he stayed until May 13, 2017.

21.     As of March 11, 2017, inmate Tywon Salters was a known career criminal and chronic offender, who would take advantage of or create any opportunity to escape custody and/or re-offend.

22.     Upon information and belief, on and prior to May 8, 2017, to May 13, 2017, inmate Tywon Salters was facing the real potential for a lengthy prison sentence.

23.     Upon information and belief, on and prior to May 8, 2017 to May 13, 2017, inmate Tywon Salters was a known flight risk and he had twice intentionally undertaken acts to get himself removed from the Kane County jail.

24.     On May 7, 2017 and May 8, 2017 to May 13, 2017, while at Delnor Hospital, inmate Tywon Salters had demonstrated to Defendant, KANE COUNTY and Defendant, SHAWN LOOMIS that he was combative and uncooperative.

25.     On and prior to May 8, 2017 to May 13, 2017, inmate Tywon Salters had demonstrated a pattern of manipulative and deceptive behavior. Based on his behavior while in custody, inmate Tywon Salters should have been viewed as a high security risk by Defendant, KANE COUNTY and Defendant, SHAWN LOOMIS, and should have been supervised accordingly.

26.     From May 8, 2017, to May 13, 2017, Defendant KANE COUNTY and Defendant SHAWN LOOMIS were aware that while at Delnor Hospital, inmate Tywon Salters posed a limited and specific danger to the hospital staff and nurses, as he was a flight risk, combative, uncooperative, manipulative, suicidal, and facing the real potential for a lengthy prison sentence.

27.     From May 8, 2017, to May 13, 2017, and at all relevant times herein, Defendant, APEX3 SECURITY, LLC. (hereafter referred to as "APEX3"), was a private company responsible for the security, safety and well-being of, among other matters, the hospital staff and nurses at Delnor Hospital. Defendant APEX3 was hired and paid to ensure the safety and protection of life on the property.

28.     Upon information and belief, Defendant APEX3 voluntarily undertook to provide security measures for those lawfully on the premises at Delnor Hospital including hospital staff and nurses.

29.     Upon information and belief, Defendant, APEX3 were to monitor any inmate admitted to the hospital and ensure that proper security protocol was being followed by Defendant, KANE COUNTY sheriff officers and others at all times.

30.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, armed Defendant, KANE COUNTY sheriff officers were to guard and maintain control over inmate Tywon Salters at all times while he remained a patient at Delnor Hospital.

31.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, inmate Tywon Salters should have been supervised using two sheriff officers.

32.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to ensure that inmate Tywon Salters' leg remained shackled to his bed at all times.

33.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to remain awake and alert and constantly aware of inmate Tywon Salters' actions at all times while at Delnor Hospital.

34.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to restrict inmate Tywon Salters' phone use at all times while at Delnor Hospital.

35.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to protect hospital and nursing staff from inmate Tywon Salters at all times while at Delnor hospital.

36.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to protect, carry, and holster their firearms in a manner in which inmate Tywon Salters would be unable to gain access to the firearms.

37.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to maintain constant supervision and observation of inmate Tywon Salters and prevent him from escaping the hospital bed and room and harming hospital staff and nurses.

38.     Upon information and belief, pursuant to Defendant, KANE COUNTY policy and procedure, Defendant, KANE COUNTY sheriff officers were to remain physically situated in inmate Tywon Salters' hospital room in a position to prevent him from escaping.

39.     On May 9, 2017, a Defendant, KANE COUNTY sheriff, who was guarding inmate Tywon Salters, was discovered sleeping on the couch in the hospital room by a nurse. No other sheriffs were present in the room. Upon information and belief, the sheriff violated Defendant, KANE COUNTY policy and procedure by sleeping on the couch while guarding inmate Tywon Salters.

40.     On May 9, 2017, inmate Tywon Salters was allowed unrestricted use of the hospital phone in his room by Defendant, KANE COUNTY sheriff officers. Upon information and belief, these sheriffs violated Defendant, KANE COUNTY policy and procedure by allowing inmate Tywon Salters unrestricted use of the hospital phone in his room. The unrestricted use of the phone continued until a nurse removed the phone on her own volition.

41.     On May 9, 2017, inmate Tywon Salters was unshackled by a Defendant, KANE COUNTY sheriff in order to use the bathroom. While inmate Tywon Salters was unshackled and escorted to the bathroom by nursing staff, the sheriff sat on the couch in the hospital room and

7

took no action to maintain custody and control of inmate Tywon Salters. Upon information and belief, the sheriff violated Defendant, KANE COUNTY policy and procedure by allowing inmate Tywon Salters to remain unshackled while using the bathroom and sitting on the couch and taking no action to maintain custody and control of inmate Tywon Salters during this time period.

42.     Between 7:00AM and 11:00AM, the morning of May 13, 2017, the Defendant, KANE COUNTY sheriff in charge of guarding inmate Tywon Salters was discovered by a hospital nurse sitting on a recliner and using his personal laptop computer. Upon information and belief, the sheriff violated Defendant KANE COUNTY policy and procedure by sitting on a recliner and using his personal laptop computer while charged with the responsibility of guarding inmate Tywon Salters.

40.     On May 13, 2017, the Defendant, KANE COUNTY sheriff who had been using his personal laptop was relieved and replaced by a second Defendant, KANE COUNTY sheriff officer, and this was Defendant, SHAWN LOOMIS. Defendant, SHAWN LOOMIS was at all times acting as employee/agent of Defendant, KANE COUNTY.

43.     Upon information and belief, on May 13, 2017, prior to 12:00PM, Defendant, SHAWN LOOMIS, removed inmate Tywon Salters' leg shackle so that he was free to move unrestrained from his hospital bed to the bathroom. Defendant, SHAWN LOOMIS, then failed to place any leg shackles, waist shackles, handcuffs, or other restraints on inmate Tywon Salters. These actions allowed inmate Tywon Salters free and unrestrained movement to the bathroom. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant KANE COUNTY policy and procedure by removing all restraints from inmate Tywon Salters, and thereafter failed to employ any leg shackles, waist shackles, handcuffs, or other restraints, thereby allowing him unrestrained access and movement to the bathroom.

44.     On May 13, 2017 at approximately 12:00PM, after unshackling inmate Tywon Salters from his hospital bed, Defendant, SHAWN LOOMIS failed to restrain inmate Tywon Salters in any manner. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant, KANE COUNTY policy and procedure by failing to restrain inmate Tywon Salters in any manner after he was unshackled from his hospital bed.

45.     Upon information and belief, on May 13, 2017 at approximately 12:00PM, inmate Tywon Salters was allowed use of the bathroom while unshackled and unsupervised. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant, KANE COUNTY policy and procedure by allowing inmate Tywon Salters use of the bathroom while unshackled and unsupervised.

46.     On May 13, 2017, at approximately 12:00PM, inmate Tywon Salters returned from the bathroom and walked back to his hospital bed. Defendant, SHAWN LOOMIS, did not thereafter shackle inmate Tywon Salters to his hospital bed, or restrain him in said hospital bed. Defendant, SHAWN LOOMIS, instead deferred to inmate Tywon Salters' statement that he allegedly may have to use the bathroom again. Inmate Tywon Salters was thereafter allowed to remain totally unrestrained in the hospital room. Inmate Tywon Salters then proceeded to sit unrestrained on the side of the hospital bed with his feet hanging off the side without any shackles or restraints employed. During this period, Defendant, SHAWN LOOMIS, remained sitting on a couch, in an area behind the hospital bed, and not positioned between inmate Tywon Salters and the door to the hospital room. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant, KANE COUNTY policy and procedure by allowing inmate Tywon Salters to remain freely unshackled and unrestrained with unobstructed access to the hospital room door, while Defendant, SHAWN LOOMIS sat on the couch.

9

47.     On May 13, 2017, a nurse entered inmate Tywon Salters' hospital room and saw him sitting freely, unshackled, and unrestrained on the side of the hospital bed. The nurse questioned why he was unshackled, and Defendant, SHAWN LOOMIS, did not respond or act.

48.     On May 13, 2017, inmate Tywon Salter was allowed by Defendant, SHAWN LOOMIS, to remain unshackled and unrestrained for at least 30 minutes. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant KANE COUNTY policy and procedure by allowing inmate Tywon Salters to remain unshackled and unrestrained for at least 30 minutes.

49.     On May 13, 2017, at approximately 12:30PM, inmate Tywon Salters, while unshackled and unrestrained, made a move on Defendant, SHAWN LOOMIS, and took his 9mm handgun.

50.     On May 13, 2017, after inmate Tywon Salters took his 9mm handgun from him, Defendant, SHAWN LOOMIS, ran from Room 3658 and went into Room 3670, shut the door, and hid from the situation. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant, KANE COUNTY policy and procedure by running from the situation and hiding in Room 3670.

51.     On May 13, 2017, Defendant, SHAWN LOOMIS, took no action whatsoever to protect hospital staff and nurses after he lost control of inmate and Tywon Salters and following inmate Tywon Salters' escape and taking possession of the 9mm handgun. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant, KANE COUNTY policy and procedure by taking no action whatsoever to protect hospital staff and nurses after he lost control of inmate Tywon Salters and following inmate Tywon Salters' escape and taking possession of the 9mm handgun.

52. On May 13, 2017, Defendant, SHAWN LOOMIS, took no action whatsoever to warn hospital staff and nurses of any danger following his loss of control of inmate Tywon Salters and inmate Tywon Salters' escape and taking possession of the 9mm handgun. Upon information and belief, Defendant, SHAWN LOOMIS, violated Defendant KANE COUNTY policy and procedure by taking no action whatsoever to warn hospital staff and nurses of any danger after he lost control of inmate Tywon Salters and following inmate Tywon Salters' escape and taking possession of the 9mm handgun.

53. On May 13, 2017, inmate Tywon Salters left Room 3658 and proceeded to an office where he took Plaintiff, JANE DOE I hostage, forced her to remove her clothes, threatened her, physically abused her, verbally abused her and held her at gunpoint.

54. On May 13, 2017, Plaintiff JANE DOE II entered the office where inmate Tywon Salters was holding Plaintiff, JANE DOE I.

55. On May 13, 2017, inmate Tywon Salters then took Plaintiff, JANE DOE II hostage and held her at gunpoint and left Plaintiff, JANE DOE I alone in the office. Inmate Tywon Salters took Plaintiff, JANE DOE II from the office to the first-floor and forced Plaintiff JANE DOE II into a "decontamination room".

56. On May 13, 2017, inmate Tywon Salters held Plaintiff, JANE DOE II hostage in the "decontamination room" for over three hours at gunpoint during which time he repeatedly beat her, forced her to remove her clothes, violently raped her, threatened her life, verbally abused her and held her at gunpoint.

57. On May 13, 2017, a standoff ensued between inmate Tywon Salters and Kane County S.W.A.T. team members while Plaintiff, JANE DOE II was held hostage.

11

58.     On May 13, 2017, at approximately 4:00PM, inmate Tywon Salters was shot and killed by S.W.A.T. team members. The bullet that struck and killed inmate Tywon Salters also struck Plaintiff, JANE DOE II.

**COUNT I- JANE DOE I v. SHAWN LOOMIS**
**Violation of Civil Rights – 42 U.S.C. § 1983**
**(14th Amendment Right to Protection from State-Created Danger)**

59.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

60.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by not guarding inmate Tywon Salters.

61.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by not ensuring that two sheriff officers were guarding inmate Tywon Salters.

62.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by unshackling inmate Tywon Salters.

63.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by allowing inmate Tywon Salters to take his 9mm handgun.

64.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by running and hiding after inmate Tywon Salters took his 9mm handgun.

65.     Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE I, by not warning hospital staff and nurses that inmate Tywon Salters had escaped and taken his 9mm handgun.

66.     Defendant, SHAWN LOOMIS, created a danger by knowingly disregarding security policies and procedures.

67. Defendant, SHAWN LOOMIS acted with deliberate indifference to the safety of Plaintiff, JANE DOE I, through his actions.

68. As the proximate result of Defendant, SHAWN LOOMIS actions, Plaintiff JANE DOE I was deprived of her 14th Amendment Due Process rights, and sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant, SHAWN LOOMIS, and award compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT II – JOHN DOE I v. SHAWN LOOMIS
### Loss of Consortium

69. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 68, above, as if fully set below.

70. Plaintiff, JOHN DOE I, as a proximate result of Defendant, SHAWN LOOMIS's actions in depriving JANE DOE I of her 14th Amendment Due Process rights, sustained loss of consortium.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant SHAWN LOOMIS, and award

compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT III – JANE DOE I v. KANE COUNTY
### Illinois Common Law – Willful and Wanton Conduct – Vicarious Liability

71.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

72.     Defendant, KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to guard inmate Tywon Salters with two sheriff officers.

73.     Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by allowing and permitting inmate Tywon Salters to remain unshackled.

74.     Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by allowing inmate Tywon Salters to take a 9mm handgun.

75.     Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by running and hiding after inmate Tywon Salters took his 9mm handgun.

76.     Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to warn hospital staff and nurses that inmate Tywon Salters had escaped and taken his 9mm handgun.

77.     As the proximate result of Defendant, KANE COUNTY'S actions, Plaintiff, JANE DOE I sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in

the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

### COUNT IV – JOHN DOE I V. KANE COUNTY
### Illinois Common Law – Willful and Wanton Conduct – Vicarious Liability
### Loss of Consortium

78.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 72 through 77, above, as if fully set below.

79.    Plaintiff, JOHN DOE I, as a proximate result of Defendant, KANE COUNTY'S negligent acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

### COUNT V- JANE DOE I v. KANE COUNTY
### Illinois Common Law - Willful and Wanton Conduct

80.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

81.    Defendant, KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to guard inmate Tywon Salters with two sheriff officers.

15

82.     Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to properly supervise and train its sheriff officers as to inmate procedures while inmates were admitted as patients at area hospitals.

83.     Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to properly supervise and train its sheriff officers to maintain control of their firearms.

84.     Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE I by failing to properly supervise and train its sheriff officers as to proper procedure when dealing with an armed gunman.

85.     Defendant, KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE I by knowingly allowing sheriff officers to disregard policies and procedures.

86.     As the proximate result of Defendant, KANE COUNTY'S actions, Plaintiff, JANE DOE I sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT VI- JOHN DOE I v. KANE COUNTY
### Illinois Common Law - Willful and Wanton Conduct
### Loss of Consortium

87.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 81 through 86, above, as if fully set below.

88.     Plaintiff, JOHN DOE I, as a proximate result of Defendant, KANE COUNTY'S negligent acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT VII- JANE DOE I v. APEX3 SECURITY, LLC.
### Illinois Common Law - Negligence

89.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

90.     Defendant, APEX 3, voluntarily undertook a duty to provide security measures at Delnor Hospital.

91.     Defendant, APEX3, violated its duty by failing to ensure that proper procedures were being followed during the inpatient stay of inmate Tywon Salters.

92.     Defendant, APEX3, violated its duty by failing to ensure that a security plan was in place for inmate, Tywon Salters.

93.     Defendant, APEX3, violated its duty by allowing and permitting inmate Tywon Salters to remain unshackled.

94.     Defendant APEX3, violated its duty by allowing inmate Tywon Salters to take a 9mm handgun.

17

95. Defendant APEX3, violated its duty by failing to properly warn hospital staff and nurses that inmate Tywon Salters had escaped and was armed with a 9mm handgun.

96. As the proximate result of Defendant, APEX3'S actions, Plaintiff, JANE DOE I sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant APEX3 SECURITY LLC., and award compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT VIII- JOHN DOE I v. APEX3 SECURITY, LLC.
## Illinois Common Law - Negligence - Loss of Consortium

97. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 90 through 96, above, as if fully set below.

98. Plaintiff, JOHN DOE I, as a proximate result of Defendant, KANE COUNTY'S willful and wanton acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant APEX3 SECURITY LLC., and award compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT IX – JANE DOE V. KANE COUNTY
### 745 ILCS 10/9-102 Claim

99.     Plaintiff incorporates by reference all allegations set forth in paragraphs above, as if fully set below.

100.    Defendant, KANE COUNTY is the employer of Defendant, SHAWN LOOMIS.

101.    Defendant, SHAWN LOOMIS committed the acts alleged above under color of law and in the scope of his employment by Defendant, KANE COUNTY.

WHEREORE, should Defendant, SHAWN LOOMIS, be found liable for any claims in this action, Plaintiff demands that Defendant, KANE COUNTY pay to Plaintiff any judgment obtained in this action against Defendant, SHAWN LOOMIS, pursuant to 745 ILCS 10/9-102.

## COUNT X- JANE DOE II v. SHAWN LOOMIS
### Violation of Civil Rights – 42 U.S.C. § 1983
### (14th Amendment Right to Protection from State-Created Danger)

102.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

103.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by not guarding inmate Tywon Salters.

104.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by not ensuring that two sheriff officers were guarding inmate Tywon Salters.

105.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by unshackling inmate Tywon Salters.

106.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by allowing inmate Tywon Salters to take his 9mm handgun.

107.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by running and hiding after inmate Tywon Salters took his 9mm handgun.

108.    Defendant, SHAWN LOOMIS, created a danger to Plaintiff, JANE DOE II, by not warning hospital staff and nurses that inmate Tywon Salters had escaped and taken his 9mm handgun.

109.    Defendant, SHAWN LOOMIS, created a danger by knowingly disregarding security policies and procedures.

110.    Defendant, SHAWN LOOMIS acted with deliberate indifference to the safety of Plaintiff, JANE DOE II, through his actions.

111.    As the proximate result of Defendant, SHAWN LOOMIS actions, Plaintiff JANE DOE II was deprived of her 14th Amendment Due Process rights, and sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant, SHAWN LOOMIS, and award compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

<u>**COUNT XI – JOHN DOE II v. SHAWN LOOMIS**</u>
<u>**Loss of Consortium**</u>

112.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 103 to 111 above, as if fully set below.

113.    Plaintiff, JOHN DOE II, as a proximate result of Defendant, SHAWN LOOMIS's actions in depriving JANE DOE II of her 14th Amendment Due Process rights, sustained loss of consortium.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant SHAWN LOOMIS, and award compensatory damages, punitive damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

**COUNT XII – JANE DOE II v. KANE COUNTY**
**Illinois Common Law – Willful and Wanton Conduct – Vicarious Liability**

114.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

115.    Defendant, KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to guard inmate Tywon Salters with two sheriff officers.

116.    Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by allowing and permitting inmate Tywon Salters to remain unshackled.

117.    Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by allowing inmate Tywon Salters to take a 9mm handgun.

118.    Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by running and hiding after inmate Tywon Salters took his 9mm handgun.

119. Defendant KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to warn hospital staff and nurses that inmate Tywon Salters had escaped and taken his 9mm handgun.

120. As the proximate result of Defendant, KANE COUNTY'S actions, Plaintiff, JANE DOE II sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT XIII – JOHN DOE II v. KANE COUNTY
### Illinois Common Law – Willful and Wanton Conduct – Vicarious Liability
### Loss of Consortium

121. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 114 through 120, above, as if fully set below.

122. Plaintiff, JOHN DOE II, as a proximate result of Defendant, KANE COUNTY'S negligent acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT XIV – JANE DOE II v. KANE COUNTY
### Illinois Common Law – Willful and Wanton Conduct

123.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

124.    Defendant, KANE COUNTY, through its agents and employees, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to guard inmate Tywon Salters with two sheriff officers.

125.    Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to properly supervise and train its sheriff officers as to inmate procedures while inmates were admitted as patients at area hospitals.

126.    Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to properly supervise and train its sheriff officers to maintain control of their firearms.

127.    Defendant KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE II by failing to properly supervise and train its sheriff officers as to proper procedure when dealing with an armed gunman.

128.    Defendant, KANE COUNTY, acted recklessly and with utter disregard for the safety of JANE DOE II by knowingly allowing sheriff officers to disregard policies and procedures.

129.    As the proximate result of Defendant, KANE COUNTY'S actions, Plaintiff, JANE DOE II sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned.  Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer.  Plaintiff further expended

and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT XV- JOHN DOE II v. KANE COUNTY
### Illinois Common Law - Willful and Wanton Conduct
### Loss of Consortium

130. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 124 through 129, above, as if fully set below.

131. Plaintiff, JOHN DOE II, as a proximate result of Defendant, KANE COUNTY'S negligent acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant KANE COUNTY, and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT XVI- JANE DOE II v. APEX3 SECURITY, LLC.
### Illinois Common Law - Negligence

132. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

133. Defendant, APEX 3, voluntarily undertook a duty to provide security measures at Delnor Hospital.

134. Defendant, APEX3, violated its duty by failing to ensure that proper procedures were being followed during the inpatient stay of inmate Tywon Salters.

135. Defendant, APEX3, violated its duty by failing to ensure that a security plan was in place for inmate, Tywon Salters.

136.     Defendant, APEX3, violated its duty by allowing and permitting inmate Tywon Salters to remain unshackled.

137.     Defendant APEX3, violated its duty by allowing inmate Tywon Salters to take a 9mm handgun.

138.     Defendant APEX3, violated its duty by failing to properly warn hospital staff and nurses that inmate Tywon Salters had escaped and was armed with a 9mm handgun.

139.     As the proximate result of Defendant, APEX3'S actions, Plaintiff, JANE DOE II sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned.  Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant APEX3 SECURITY LLC., and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

## COUNT XVII- JOHN DOE II v. APEX3 SECURITY, LLC.
### Illinois Common Law - Negligence - Loss of Consortium

140.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and 133 through 139, above, as if fully set below.

141.     Plaintiff, JOHN DOE II, as a proximate result of Defendant, KANE COUNTY'S willful and wanton acts and omissions, sustained loss of consortium.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of the Plaintiff and against Defendant APEX3 SECURITY LLC., and award compensatory damages, court costs, attorney fees, and such other relief that this Court deems just and equitable.

**COUNT XVIII – JANE DOE II v. KANE COUNTY**
**745 ILCS 10/9-102 Claim**

142. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 58, and paragraphs 102 through 141, as if fully set below.

143. Defendant, KANE COUNTY is the employer of Defendant, SHAWN LOOMIS.

144. Defendant, SHAWN LOOMIS committed the acts alleged above under color of law and in the scope of his employment by Defendant, KANE COUNTY.

WHEREORE, should Defendant, SHAWN LOOMIS, be found liable for any claims in this action, Plaintiff demands that Defendant, KANE COUNTY pay to Plaintiff any judgment obtained in this action against Defendant, SHAWN LOOMIS, pursuant to 745 ILCS 10/9-102.

Respectfully Submitted,


/s/ Sean P. Murray
Attorney for Plaintiff



**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
Sean P. Murray
Marc A. Taxman
Gerald J. Bekkerman
Lindsay J. Scheidt
225 W. Wacker Drive, Suite 1750
Chicago, IL 60606
(312) 586-1720
smurray@tpmblegal.com
mtaxman@tpmblegal.com
gbekkerman@tpmblegal.com
lscheidt@tpmblegal.com